# IN THE COURT OF APPEALS OF IOWA

No. 16-1372
Filed December 21, 2016

**IN THE INTEREST OF S.L. and U.L.,**
**Minor children,**

**D.L., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Linn County, Susan F. Flaherty, Associate Juvenile Judge.

A mother appeals the termination of her parental rights to her children.

**AFFIRMED.**

Annette F. Martin, Cedar Rapids, for appellant mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Julie Trachta of Public Defenders Office, Cedar Rapids, guardian ad litem for minor children.

Considered by Vogel, P.J., and Tabor and Mullins, JJ.

**VOGEL, Presiding Judge.**

A mother appeals the termination of her parental rights to her children.[1] Because we agree statutory grounds existed to support termination and termination was in the children's best interests, we affirm.

I.      Background Facts and Proceedings

S.L., born 2005, and U.L., born 2013, came to the attention of the Iowa Department of Human Services (DHS) in this matter in January 2014, upon allegations the mother was using methamphetamine and marijuana.[2]   On January 31, 2014, the mother tested positive for amphetamines, methamphetamine, and marijuana.   The mother admitted that she used methamphetamine twice a month and marijuana three times a week.  The mother agreed to a substance-abuse evaluation and accepted services through DHS, including outpatient treatment.

Due to ongoing concerns about the mother's drug use, the children were removed from the home and placed with family members.  The children were adjudicated children in need of assistance.  Protective and reunification services were offered, including substance-abuse and mental-health evaluations and treatment programs.  On February 4, 2015, after a year of offered services, the State filed a petition to terminate the mother's parental rights.  The matter came on for hearing on April 10, 2015, July 6, 2015, and June 8, 2016.  On June 8,[3] the district court ordered the mother's parental rights terminated under Iowa

---

[1] Each child's father's parental rights were also terminated.  Neither father appeals.
[2] Additionally, there were two prior DHS findings regarding S.L., including one which involved a skull fracture of unknown origin.
[3] The district court issued a ruling from the bench and followed with a written order on July 29.

Code section 232.116(1)(f) (2015) as to S.L. and paragraph (h) as to U.L. The mother appeals.

II.    Standard of Review

We review the termination of parental rights proceedings de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). In doing so, we give weight to the factual findings of the district court, but we are not bound by them. *Id.*

III.    Statutory Grounds for Termination

Iowa Code section 232.116(1)(f) permits termination if:

The court finds that all of the following have occurred:
(1) The child is four years of age or older.
(2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
(3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
(4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

Paragraph (h) has the same requirements except the child must be three years old or younger and removed from the physical custody of the parents for six of the last twelve months or the last six consecutive months. Iowa Code § 232.116(1)(h). The only disputed issue on appeal is whether there was clear and convincing evidence the children could not be returned to the mother.

The mother argues DHS failed to make an effort to place her children with her while full services were in place and that she deserves additional time to seek reunification. She also claims termination is not in the best interests of the children. The State disagrees.

Our review of the record shows significant barriers to the children being returned to their mother. The mother struggled to meet the goals of her substance abuse treatment, failed to attend treatment on several occasions, and tested positive for marijuana in the months leading up to the termination. On one occasion, allegations were made that the mother attempted to alter her drug-testing sample, and several other times, the validity of the tests were questioned. She also attended treatment for her mental health issues sporadically. The social worker assigned to the case testified he did not believe the mother had taken reunification efforts seriously: "[She has] just kind of went about [her] daily li[fe] without focusing on getting [her] children back in [her] care."

During visits, the mother struggled to take direction on parenting skills from her family services provider and struggled to interact with both children; she also ended several visits early. Additionally, she sometimes did not answer the door for DHS safety checks even though her vehicle was present and it was apparent she was at home. Further, the mother's paramour, who she admits stays with her frequently, refused to cooperate with DHS and has an ongoing DHS case of his own involving his own children. After hearing testimony and being presented with evidence at the termination hearing, the court ruled from the bench:

> I think clearly, [Ms. L], that I cannot return your children to your home without them continuing to require the oversight and intervention of the State to assure their health, safety and welfare. They would continue to be at the same risk of harm if returned to you now than they were at the time of removal. And the reason for that is general issues regarding your mental health, your relationship with [the paramour], substance abuse issues in the home, all of those things would expos[e] the children to ongoing risk of harm.

We agree with the district court there was clear and convincing evidence the children could not be returned to the mother.

IV.     Best Interests

In accordance with Iowa Code section 232.116(2), the court considered "the child[ren]'s safety, . . . the best placement for furthering the long-term nurturing and growth of the child[ren], and . . . the physical, mental, and emotional condition and needs of the child[ren]" before termination.  The court noted at the hearing:

> I am very concerned about the best interests of these children and the delay in my decision and the negative impact that that has on these children. . . .
>        . . . So for those reasons I will enter order terminating parental rights.  And I do believe it's in the children's best interest for that to occur.  In fact, I very much believe it has been contrary to the children's best interest to delay the ruling.

Additionally, in its written order, the court concluded: "Thus, it is the decision of the Court that the children's need for permanency, security, safety, physical and intellectual health, dictates that it is in their best interests to have parental rights terminated and that they be placed for adoption."  We agree it was in the children's best interests to terminate the mother's parental rights and nothing militated against termination.  *See id.* § 232.116(3).

V.     Additional Time

Finally, the mother requested additional time to work toward reunification. Under Iowa Code section 232.104(2)(b), a six-month extension is available if "the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period."  Yet with little progress made, inconsistent

effort toward further progress, and the children having been out of the home since February 2014, we agree with the DHS caseworker's assessment and the district court's conclusion that additional time may be harmful to the children and would not impact the mother's ability to parent these young children safely and adequately.

VI.     Conclusion.

We agree the State proved by clear and convincing evidence the mother's rights should be terminated as to S.L. and U.L. under section 232.116(1)(f) and (h).  We agree with the district court that termination is in the children's best interests and additional time will not facilitate the mother's ability to safely parent these children.  We therefore affirm the district court's decision.

**AFFIRMED.**